

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| MARISA JUAREZ, | § | No. 08-23-00024-CR |
| Appellant, | § | Appeal from the |
| v. | § | 399th District Court |
| THE STATE OF TEXAS, | § | of Bexar County, Texas |
| Appellee. | § | (TC# 2018CR13513B) |

## MEMORANDUM OPINION

Marisa Juarez challenges the revocation of her community supervision for aggravated robbery. TEX. PENAL CODE ANN. § 29.03. Appellant's counsel filed an *Anders* brief in support of a motion to withdraw. We grant counsel's motion and affirm the trial court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

The State charged Appellant by indictment with one count of aggravated robbery in December 2018.[1] TEX. PENAL CODE ANN. § 29.03. Appellant pleaded guilty pursuant to a plea

---

[1] This case was transferred from the Fourth Court of Appeals pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001. We follow the precedent of the Fourth Court of Appeals to the extent it might conflict with our own. *See* TEX. R. APP. P. 41.3.

bargain, and the trial court placed appellant on deferred adjudication community supervision for a period of eight years beginning July 15, 2019.

In January 2020, the State filed a motion to adjudicate guilt and revoke Appellant's community supervision. Rather than adjudicate, the trial court amended the conditions of Appellant's community supervision in an order dated February 7, 2020. The State subsequently filed two more motions to adjudicate guilt and revoke Appellant's community supervision in April 2020 and June 2021, respectively. Each time, rather than adjudicate, the trial court again amended the conditions of Appellant's community supervision.

In October 2022, the State filed another motion to adjudicate guilt and revoke Appellant's community supervision, alleging seven violations. Then later that month, the State amended the motion, adding two more violations. At the hearing on the motion, Appellant pleaded "true" to the State's first allegation.[2] The trial court accepted Appellant's plea and entered a judgment of conviction for one count of aggravated robbery. The trial court assessed punishment at eight years' confinement and sentenced Appellant accordingly.

## FRIVOLOUS APPEAL

Appellant's court-appointed counsel filed a motion to withdraw along with a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). The brief satisfies the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced on appeal. *Id.* at 744. As required by the Texas Court of Criminal Appeals, Appellant's counsel has certified to this Court that he has provided copies of the motion and brief to Appellant, advised Appellant of her right to examine the appellate record and file a

---

[2] The State waived and abandoned the remaining allegations after Appellant entered a plea of "true" to the first allegation.

pro se response, notified Appellant of her right to seek discretionary review should we find this appeal frivolous, provided a motion to assist Appellant in obtaining the record, and supplied Appellant with this Court's mailing address. *See Kelly v. State*, 436 S.W.3d 319–20 (Tex. Crim. App. 2014); *see also Anders*, 386 U.S. at 744.

We have thoroughly reviewed the record, along with the *Anders* brief, and we agree with counsel's professional assessment that the record does not present any meritorious grounds for review. Accordingly, we find the appeal frivolous.

## CONCLUSION

We grant counsel's motion to withdraw and affirm the trial court's judgment.

LISA J. SOTO, Justice

September 15, 2023

Before Rodriguez, C.J., Palafox, and Soto, J.J.

(Do Not Publish)